# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HANG CUI, | ) |
|            Plaintiff, | ) |
| v. | ) No. 14 C 8330 |
| | ) Hon. Marvin E. Aspen |
| ELMHURST POLICE DEPARTMENT, | ) |
| a municipal corporation, | ) |
| LYNN KUBYCHECK, an individual, and | ) |
| JON KUBYCHECK, an individual, | ) |
|            Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pro se Plaintiff Hang Cui ("Cui") brings a nine-count complaint against Defendants City of Elmhurst Police Department ("EPD"), Lynn Kubycheck, ("Lynn") and Jon Kubycheck ("Jon"). The complaint alleges violations of Cui's civil rights protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986, as well as violations of state law. EPD moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, we grant EPD's motion but allow Cui to amend the complaint to pursue certain claims against the City of Elmhurst and individual EPD officers. If Cui chooses to file an amended complaint consistent with the opinion, he must do so on or by June 12, 2015.

---

[1] Count IV is brought only against Lynn, who did not file a motion to dismiss. We will not address Count IV. We further note that the Kubychecks have not filed appearances to date or otherwise defended the various claims against them. As discussed in more detail in the conclusion, we order counsel for EPD, Andrew Acker, to make sure that the Kubychecks are aware of this ongoing litigation.

## BACKGROUND

Lynn became the owner of the property at 506 E. Park Avenue, in Elmhurst, Illinois, which Cui then rented. Cui alleges that, on June 27, 2012, Lynn and Jon broke into his home and evicted Cui and his family, with the help of police officers Joseph Dudek and Tim Westering. (Dkt. No. 22 (Am. Compl.) ¶ 6.) Cui refused to leave and, as a result, a police officer served him a trespass warning notice. (*Id.*) On June 28, 2012, Cui filed a complaint against Lynn and Jon with EPD. (*Id.*) EPD allegedly refused to take the complaint. (*Id.*)

On January 9, 2013, Lynn filed a complaint with EPD against Cui regarding an insufficiently funded check. (*Id.*) Cui alleges that, without thorough investigation into the rental dispute between Cui and Lynn, the police arrested him on March 12, 2013.[2] (*Id.*) On May 2, 2014, the prosecutor dropped the criminal case against Cui. (*Id.* ¶ 13.)

On September 24, 2014, Cui filed a complaint against Defendants in state court. (Dkt. No. 1-1, Ex. A (9/24/14 Circuit Ct. Compl.) ¶ 1.) In his complaint, Cui brings claims under 42 U.S.C. §§ 1983, 1985 and 1986 and alleges, among other things, that Defendants violated the Constitution and laws of the United States. (*Id.*) EPD removed this action to federal court on October 23, 2014. (Dkt. Nos. 1, 6.) EPD subsequently filed the present motion to dismiss. (Dkt. No. 7.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits of the case." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-

---

[2] At times the parties' filings, including the complaint, indicate that the March 12 events took place in other years. Based on our understanding of the allegations and the police documents attached to the complaint, we use March 12, 2013 as the arrest date.

pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev.*, *N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not contain "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964.

Even if sufficiently plead, a complaint can also fail under Rule 12(b)(6) if the defendant can show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Although a complaint need not anticipate and address affirmative defenses, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus*

*Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009); *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006).

In evaluating the allegations, we also bear in mind that we are under a special obligation to construe Cui's pleadings liberally because of his pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

## ANALYSIS

In its motion, EPD argues that it is not a suable entity, a question we address first below. We then consider whether we should permit Cui to amend the complaint to include either the City of Elmhurst or the individual police officers as defendants to his federal and state claims.

**A.     EPD Is Not a Suable Entity**

EPD argues that the claims against it must be dismissed because it is not a suable entity. Under Rule 17(b), a defendant in a lawsuit must possess the legal capacity to be sued, and, in this instance, that capacity is analyzed under the law of the state where the court is located. Fed. R. Civ. P. 17(b). Illinois law is thus applicable and provides that "[a] party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Hall v. Will. of Flossmoor Police Dep't*, No. 11 C 5283, 2012 WL 379902, at *2 (N.D. Ill. Feb. 1, 2012) (quoting *Jackson v. Vill. of Rosemont*, 180 Ill. App. 3d 932, 937, 536 N.E.2d 720, 732 (1st Dist. 1988)).

It is well-settled that a city's police department is not a separate legal entity under Illinois law and cannot be sued directly. *Chan v. City of Chi.*, 123 F.3d 1005, 1007 (7th Cir. 1997); *see also Posey v. Pruger*, 762 F. Supp. 2d 1086, 1089–90 (N.D. Ill. 2011) (explaining further that "[a]ny action against the CPD therefore signifies the City as the real party in interest"); *Yachnin*

4

*v. Vill. of Libertyville*, 803 F. Supp. 2d 844, 847 (N.D. Ill. 2011) (stating that the Libertyville police department, like other departments, is an instrumentality of the town and has no separate legal existence); *Williams v. Hutchens*, 870 F. Supp. 857, 860 (N.D. Ill. 1994) (concluding that the Downers Grove police department is "merely an organizational division" of that town and cannot be sued); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 825 (N.D. Ill. 2002) (dismissing claims against Cicero police board). As such, Cui cannot sue EPD. We therefore grant EPD's motion and dismiss all claims against it with prejudice.

**B.     The City of Elmhurst as a Defendant**

The next question we must address is whether to allow Cui to amend his complaint to add the City of Elmhurst ("City") as a defendant in lieu of EPD.[3] Pursuant to Rule 15(a)(2), we should freely give leave for amendments "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Although Rule 15 "reflects a liberal attitude towards the amendment of pleadings," we may deny an amendment for various reasons, such as if amendment would be prejudicial or futile, or if it would unduly delay the proceedings. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002); *see Arlin–Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010).

Here, we consider whether any potential amendment would be futile; that is, whether an amended complaint brought against other defendants could survive a subsequent motion to dismiss. *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Dewick v. Maytag Corp.*, 296 F. Supp. 2d 905, 907 (N.D. Ill. 2003). We begin with the potential federal claims and then address whether Cui may amend the complaint to assert state-

---

[3] EPD anticipates this next analytical step in its motion and argues against such an amendment. (Mem. at 3–10.)

5

law claims against the City.  As discussed in detail below, Cui's allegations—with the exception of malicious prosecution—would not survive a motion to dismiss if brought against the City.

### 1. Sufficiency of Federal Constitutional Claims (Counts III, V, VII, and IX)

Municipal entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotation omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978); *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007).  To state a so-called *Monell* claim under 42 U.S.C. § 1983 against a municipality—like the City—a plaintiff must allege that the official policy or custom "not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims. ex. Rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Grieveson*, 538 F.3d at 771; *see also Wagner v. Washington Cty.*, 493 F.3d 833, 836 (7th Cir. 2007) (explaining that plaintiffs raising *Monell* claims must allege a violation based on "some official policy, widespread custom, or deliberate act of a . . . decision-maker of the municipality or department").

Based on our review of the complaint, however, Cui has not raised *Monell* allegations. He has neither identified any custom or policy of the City, nor alleged that such a custom or policy "was the moving force behind" the unconstitutional conduct.  Although Cui's complaint (based on a template form) includes a paragraph where he should describe any custom or policy underlying his federal constitutional claims, Cui left that paragraph blank.  (Am. Compl. ¶¶ 5, 7.) In the absence of *Monell* allegations, Cui has not alleged a § 1983 claim against the City.  We therefore deny Cui leave to add the City as a defendant in Count V (racial discrimination) or Count VII (false arrest), both presumably brought under § 1983.

In addition, the *Monell* doctrine applies equally to § 1985 claims (conspiracy) and § 1986 claims (failure to prevent conspiracy), as alleged in Counts III and IX. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("*Monell* also bars any § 1985 claims against these [governmental] defendants."); *Winkfield v. City of Chi.*, 12 C 3750, 2013 WL 1809920, at *1 (N.D. Ill. Apr. 29, 2013); *Lewis v. Schmidt*, 10 C 1819, 2011 WL 13029, at *3 (N.D. Ill. Jan. 4, 2011). Accordingly, Cui's failure to allege an official policy or custom dooms these claims against the City as well.

### 2. Sufficiency of State-Law Tort Claims

We turn then to consider whether the three enumerated state-law claims (Counts I, II, and VIII) asserted against EPD could be actionable if brought in an amended complaint against the City.[4] As discussed below, we agree with EPD that two of these claims are untimely. Count VIII (malicious prosecution) may be timely, however, and appears adequately plead.

#### a. Count I: Trespass

EPD argues that Cui's claim for trespass in Count I is time-barred because he failed to file the claim within the one-year statute of limitations set forth in the Tort Immunity Act. (Mem. at 4.) The pertinent statute provides that "[n]o civil action . . . may be commenced in any

---

[4] To the extent that Cui intended to bring Count VI for defamation against EPD and/or the City, such a claim cannot stand. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides that "[a] local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing" or electronically. 745 ILCS 10/2-107. Courts have explicitly held that the Tort Immunity Act bars claims against municipalities for the allegedly defamatory conduct of employees. *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 110–11, 948 N.E.2d 1108, 1113–14 (1st Dist. 2011); *Ramos v. City of Peru*, 333 Ill. App. 3d 75, 80, 775 N.E.2d 184, 188–89 (3rd Dist. 2002); *see Albanese v. Wasilenko*, 14 C 640, 2014 WL 4507623, at *2 (N.D. Ill. Sept. 10, 2014); *Kurkowski-Alicea v. Vill. of Bolingbrook*, 10 C 1792, 2010 WL 3721477, at *2–3 (N.D. Ill. Sept. 15, 2010). Consistent with this provision, and based on our reading of the complaint, we construe Count VI as raising a claim against Officer Mandat only.

7

court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8–101; *see Ferguson v. City of Chi.*, 213 Ill. 2d 94, 99, 820 N.E.2d 455, 459 (Ill. 2004).

Cui alleges that the trespass occurred on June 27, 2012, when the Kubychecks and Officers Dudek and Westering entered his home without consent. (Am. Compl. ¶ 9.) Under the one-year statute of limitations, Cui's deadline for filing a trespass claim was approximately June 27, 2013. Cui did not file his initial complaint in state court until September 24, 2014— more than a year after the limitations period expired. This claim is therefore time-barred as to the municipal defendants, and amendment of the complaint to assert this claim against the City would be futile.[5]

### b. Count II: Invasion of Privacy

In Count II, Cui raises an invasion of privacy claim against the same defendants based on the same trespass that occurred on June 27, 2012.[6] (Am. Compl. ¶ 10.) Count II is arguably redundant of Count I. In any event, Count II is also subject to the statute of limitations provided

---

[5] In opposition to the motion, Cui points out that the limitations period for trespass in Illinois is five years under 735 ILCS 5/13-205. (Resp. ¶ 6.) *See City of Evanston v. Texaco, Inc.*, 19 F. Supp. 3d 817, 827 (N.D. Ill. 2014). The five-year period applies only to private parties, however, who are not subject to the Tort Immunity Act. Because Cui is suing a local public entity for tortious conduct, the Tort Immunity Act applies and imposes the shorter, one-year period. We add that the Tort Immunity Act would not apply to Cui's tort claims against the Kubychecks.

[6] Based on our reading of the complaint, we find that Cui is alleging a claim for intrusion upon seclusion, a specific type of privacy tort. *See Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1032–35, 714 N.E.2d 1002, 1006–08 (2d Dist. 1999) (listing examples of intrusions upon seclusion, including "invading someone's home"). Illinois courts have not stated definitely which limitations period governs claims for intrusion upon seclusion. *Id.* at 1034–35, 714 N.E.2d at 1007–08 (holding that the one-year period in 735 ILCS 5/13-201 does not apply); *see, e.g.*, *Johnson v. Northshore Univ. Judge Presiding Healthsystem, Healthport, Inc.*, 10 C 399, 2011 WL 10069086, at *3 (1st Dist. Mar. 31, 2011). This open question is irrelevant here, however, because the Tort Immunity Act applies. *See, e.g.*, *Capelluti v. City of Waukegan*, 12 C 8197, 2013 WL 3287138, at *4 (N.D. Ill. June 27, 2013) (using the Tort Immunity Act's one-year period for an intrusion upon seclusion claim asserted against a municipality).

8

by the Tort Immunity Act for injuries allegedly caused by local entities or their employees.[7] As with the trespass claim, Cui's claim for invasion of privacy accrued on June 27, 2012, and the limitations period ran on approximately June 27, 2013. Count II is thus time-barred.

### c. Count VIII: Malicious Prosecution

Next we turn to Count VIII, which raises a claim for malicious prosecution.[8] EPD argues that this claim cannot stand because the Tort Immunity Act precludes liability for a public employee (and presumably a public entity, by extension under 745 ILCS 10/2-109) who causes injury by "instituting or prosecuting any judicial . . . proceedings within the scope of his employment, unless he acts maliciously and without probable cause." 745 ILCS 10/2-208. (Mem. at 10.) *See Holland v. City of Chi.*, 643 F.3d 248, 255 (7th Cir. 2011) (noting that this immunity provision "mirrors and codifies the malicious prosecution standard"). EPD contends that this provision defeats liability here because the complaint establishes that the officers had probable cause to arrest Cui. (Mem. at 10.)

A finding of probable cause depends on whether "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Brooks v. City of Aurora*, 653 F.3d 478, 484 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)) (internal quotations omitted); *Padilla v. City of Chi.*, 932 F. Supp. 2d 907, 922 (N.D. Ill. 2013). We thus "step[ ] into

---

[7] In addition, Cui may be precluded from asserting an invasion of privacy/intrusion upon seclusion claim against the City under the Tort Immunity Act, as discussed in footnote 4. *See* 745 ILCS 10/2-107. We need not reach that question today.

[8] The Seventh Circuit has explained that there is no federal constitutional claim for malicious prosecution to be brought under § 1983 in states, like Illinois, that provide an adequate state-law remedy in tort. *Parish v. City of Chi.*, 594 F.3d 551, 552 (7th Cir. 2009); *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

the shoes of a reasonable person in the position of the officer." *Holland v. City of Chi.*, 643 F.3d 248, 254 (7th Cir. 2011) (quoting *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008)). For a malicious prosecution claim, we look to whether the officer had probable cause at "the time when the charging document is filed, rather than the time of the arrest." *Holland*, 643 F.3d at 254.

Here, EPD emphasizes that Cui alleges that police officers made inquiries into Lynn's complaint and discovered that Cui issued a check to Lynn without sufficient funds. (Mem. at 9–10.) EPD relies on allegations from the complaint that officers subpoenaed bank records and spoke to the attorney representing Cui in the rental dispute with Lynn. (Am. Compl. ¶¶ 6, 13–20.) Cui also alleges, however, that police did not follow-up when he offered information about the settlement agreement and arrangements between Lynn and Cui. (*Id.* ¶¶ 6, 15, 20.) He asserts that officers deliberately, willfully, and maliciously initiated proceedings against him without conducting a reasonable, legitimate investigation and without establishing facts to warrant charging him. (*Id.* ¶¶ 6, 16–20.)

Although the complaint includes some information about the investigation conducted by EPD officers, we know nothing about the specific facts known to EPD or specific officers. Moreover, the allegations of the complaint are not so clear and one-sided as to require the inference that EPD had probable cause to institute judicial proceedings. In light of these factual questions, we cannot conclude on the allegations alone that EPD officers had probable cause to arrest Cui. *See, e.g.*, *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993) ("If the underlying facts supporting the probable cause determination are not in dispute, the court can decide whether probable cause exists."); *Bonds v. Fizer*, 713 F. Supp. 2d 752, 761 (N.D. Ill.

2010) ("[A] conclusion that probable cause exists as a matter of law is appropriate only when no reasonable jury could find that the officer did not have probable cause.").

On the whole, Cui's complaint appears to satisfy the elements essential to state a claim for malicious prosecution. He has alleged that: (1) EPD initiated criminal proceedings against him; (2) the proceedings were terminated in his favor; (3) EPD lacked probable cause to bring the charges; (4) EPD acted maliciously; and (5) he suffered injury. (Am. Compl. ¶¶ 6, 16–22.) *Swick v. Liautaud*, 169 Ill.2d 504, 215, 662 N.E.2d 1238, 1242 (1996) (setting out the elements for this claim); *Porter v. City of Chi.*, 393 Ill. App. 855, 858, 912 N.E.2d 1262, 1265 (1st Dist. 2009); *see Thompson v. City of Chi.*, 722 F.3d 963, 978 (7th Cir. 2013). At this juncture, we grant Cui leave to amend his complaint to assert this claim against the City, if he chooses.

### 3. Propriety of Amendment to Add the City

As discussed above, Cui has not asserted *Monell* claims in his complaint, as required to sue a municipality for alleged federal constitutional violations (Counts III, V, VII, and IX). Additionally, it would be futile to include the City as a defendant to the state-law claims in Counts I and II because Cui did not timely file them. We therefore decline to allow Cui to amend his complaint to sue the City on these six claims in lieu of EPD.

Nonetheless, Cui's malicious prosecution claim appears adequately plead. EPD has not offered any persuasive reason for denying Cui the opportunity to amend this claim under Rule 15. We therefore allow Cui to amend his complaint to assert the malicious prosecution claim against the City.[9]

---

[9] In theory, the City also could be added for indemnification purposes under 745 ILCS 10/9-102, but Cui has not raised such allegations.

C.  **Individual Officers as Defendants**

Having addressed the City's potential inclusion, we next consider whether to permit Cui to add individual officers as defendants.

In the caption of the complaint, Cui has not named individual officers, listing "officers and supervisors" as defendants. (Am. Compl. at 1.) The caption of a complaint "must name all the parties." Fed. R. Civ. P. 10(a). Although Cui mentions specific officers in the body of the complaint, those references are not sufficient to transform the officers into named defendants. As the Seventh Circuit explained in *Myles v. United States*, "to make someone a party the plaintiff must specify him in the caption and arrange for service of process." 416 F.3d 551, 551–53 (7th Cir. 2005); *see Cash v. Marion Cty. Jail*, 211 F. App'x 486, 488 (7th Cir. 2006). Thus, at the moment, no individual officers are defendants to this action. In this circumstance, rather than making a substitution *sua sponte*, we may allow Cui to amend the complaint to add individuals consistent with Rule 15.[10] *Myles*, 416 F.3d at 553 ("Selecting defendants is a task for the plaintiff, not the judge."); *Donald*, 95 F.3d at 555.

1.  **Federal Claims**

Cui cannot proceed with his federal claims against the City in the absence of *Monell* allegations, as discussed earlier, but *Monell* allegations are not necessary to sue individual state actors for constitutional violations. We therefore assess whether Cui's complaint adequately and timely pleads federal claims against individual officers.

a.  **Count III: Failure to Prevent Conspiracy**

In Count III, Cui claims that EPD—presumably Officers Dudek and Westering—failed to protect him from the civil rights violations committed by Lynn and Jon on June 27, 2012.

---

[10] In undertaking the following analysis, we assume that Cui meant to bring all claims against all individual officers, unless otherwise noted.

12

(Am. Compl. ¶ 11.) He further alleges that EPD willfully and maliciously assisted Lynn and Jon in those violations and evicted him unlawfully. He claims that EPD refused to take his complaint about Lynn and Jon, which he attempted to file on June 28, 2012. (*Id.*) We construe these allegations to raise a claim under § 1986, which, generally speaking, imposes liability on anyone who is aware of a conspiracy to interfere with the civil rights of another person, who has the power to prevent or aid the situation, and who refuses to do so. 42 U.S.C. §§ 1985–86. EPD argues that this claim is time-barred. (Mem. at 5.)

Section 1986 explicitly provides that any action brought thereunder must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986; *Villars v. Kubiatowski*, 45 F. Supp. 3d 791, 805 (N.D. Ill. 2014). Here, the cause of action accrued on June 27 and 28, 2012, when Cui alleges that the officers not only violated his constitutional rights but also failed to prevent Lynn and Jon's violations. Yet Cui did not file suit until September 24, 2014, well after the running of the one-year statute of limitations. Accordingly, Count III is untimely and Cui may not amend the complaint to pursue it further.

### b. Count V: Racial Discrimination

In his next federal claim, Cui re-alleges some of the same facts and asserts that defendants discriminated against him based on his race, non-white. (Am. Compl. ¶ 13.) Cui alleges that defendants—particularly Officers Dudek, Westering, Mandat, and Nicholas—discriminated against him by: (1) failing to prevent the violations of Lynn and Jon; (2) maliciously evicting Cui; (3) refusing to accept Cui's complaint about Lynn; (4) failing to investigate Lynn's false report about Cui's alleged bad check; and (5) failing to arrest or prosecute Lynn for filing a false police report. We understand Cui to be raising these claims

13

under § 1983, perhaps as equal protection violations. EPD challenges Count V both as to timeliness and as to the sufficiency of the pleading. (Mem. at 6, 9.)

We begin with the statute of limitations question. "[T]he limitations period applicable to all § 1983 claims brought in Illinois is two years." *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) (emphasis omitted); *see* 735 ILCS 5/13-202; *CBS Outdoor, Inc. v. Vill. of Plainfield, Ill.*, 959 F. Supp. 2d 1054, 1061 (N.D. Ill. 2013). Cui filed suit on September 24, 2014, and thus he cannot pursue any § 1983 claim based on events that occurred prior to September 24, 2012. As a result, his claims based on the discrete events of June 27 and 28, 2012 are time-barred. His claims stemming from Lynn's filing of a police report in early 2013 are not necessarily time-barred.[11]

EPD also argues that Count V must be dismissed because Cui failed to allege that he is a member of a protected class. (Mem. at 9.) This argument is unavailing. Cui plainly alleges in the complaint that he is Asian. (Am. Compl. ¶ 13.) A police report attached to the complaint further identified Cui as an "Asian/Pacific Islander." (*Id.*, Ex. 2.) We also are not convinced by EPD's other challenges to Count V, which focus more on factual disputes than the sufficiency of the pleadings. (*See* Mem. at 9.)

In short, Cui cannot proceed with his § 1983 claim in Count V for events occurring before September 24, 2012. Claims based on subsequent conduct might be timely, however. We will allow Cui to amend the complaint to assert such claims against individual officers.

---

[11] We acknowledge that there may be additional statute of limitations issues (i.e., under Rule 15(c)) that may arise if Cui elects to amend the complaint to add individual officers.

### c. Count VII: False Arrest

In Count VII, Cui alleges that officers—perhaps those discussed later in paragraph 20 of the complaint—falsely arrested him on March 12, 2013 based on Lynn's complaint. (Am. Compl. ¶ 15.)

Although EPD does not directly address Count VII, we briefly address the implied argument that this claim should be dismissed because Cui alleged that the officers investigated Lynn's complaint against him, giving them probable cause to arrest him. (Mem. at 9–10.) "A finding of probable cause absolutely bars a claim for false arrest under § 1983." *Reynolds v. Jamison*, 488 F.3d 756, 765 (7th Cir. 2007) (citing *Smith v. City of Chi.*, 913 F.2d 469, 473 (7th Cir. 1990)); *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006). As mentioned earlier with respect to the malicious prosecution claim, a finding of probable cause depends on whether "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Brooks*, 653 F.3d at 484 (quoting *Gonzalez*, 578 F.3d at 537) (internal quotations omitted); *Padilla*, 932 F. Supp. 2d at 922. Probable cause "does not require evidence sufficient to support a conviction, or even evidence more likely than not that the suspect committed a crime . . . [i]nstead, so long as the totality of the circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *Guidry v. Boyd*, No. 06 C 1600, 2007 WL 2317174, at *6 (N.D. Ill. Jul. 17, 2007) (citing *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001)) (internal citations and quotations omitted).

Similar to a malicious prosecution claim, a false arrest claim turns on the determination of probable cause. As discussed earlier, we are unable at this point to fully assess the totality of

the circumstances giving rise to Cui's arrest. Because we cannot find that EPD officers had probable cause to arrest Cui, we deny EPD's request to dismiss this claim. To the contrary, we will allow Cui to amend the complaint to pursue a false arrest claim against individual officers.

### d. Count IX: Conspiracy to Violate Plaintiff's Civil Rights

In his final federal claim, Cui alleges that EPD engaged in a conspiracy to violate his civil rights, which is prohibited by § 1985(3). 42 U.S.C. § 1985(3). EPD seeks dismissal of this claim on the grounds that Cui has not adequately plead it.[12] (Mem. at 7–8.)

To state a claim under § 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) a purpose of depriving any person of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) injury to one's person or property or a deprivation of a right or privilege of a citizen of the United States." *Malone v. Am. Friends Serv. Comm.*, 213 F. App'x. 490, 494–95 (7th Cir. 2007); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *Villars*, 45 F. Supp. 3d at 804. There is no heightened pleading requirement for asserting a conspiracy claim, and "[i]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see Loubser v. Thacker*, 440 F.3d 439, 442–43 (7th Cir. 2006); *Azroui v. Hahs*, 10 C 4772, 2011 WL 3876948, at *5 (N.D. Ill. Aug. 30, 2011).

Here, Cui may be able to satisfy these requirements in an amended complaint. Cui claims that his prosecution—beginning with Lynn's deliberate filing of a false complaint against Cui in January 2013—was a "bold conspiracy" to violate his rights. (Am. Compl. ¶ 20.)

---

[12] EPD has not contested the timeliness of Count IX. The same two-year statute of limitations used for § 1983 claims also applies to § 1985(3) claims. *Wilson v. Giesen*, 956 F.2d 738, 741 n.4 (7th Cir. 1992); *Rivas*, 2015 WL 718271, at *7. Accordingly, as with the § 1983 claims, Cui cannot sue based on events occurring prior to September 24, 2012, which includes the events of June 27–28, 2012.

16

Reading the complaint liberally in his favor, as we must, Cui alleges that EPD officers intentionally failed to question and to properly investigate Lynn's false report, in furtherance of the conspiracy. (*Id.* ¶¶ 6, 16–17, 20.) Cui claims that EPD officers willfully "tried to frame" him with malicious intent. (*Id.* ¶¶ 17, 20.) Cui has also alleged that he is a member of a protected class and that EPD officers acted with discriminatory animus (Am. Compl. ¶¶ 13, 17 & Ex. 2), as necessary for a § 1985(3) claim, *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Green*, 281 F.3d at 665. We acknowledge that Cui's operative complaint is not very clear about the alleged conspiracy and its participants, but we cannot find that amendment would be futile. Cui may attempt to pursue this claim against specific officers in an amended complaint.

   2.    **State Claims**

We turn to consider whether Cui should be permitted to raise state-law tort claims against individual officers as well as federal claims. As discussed earlier, Count I (trespass) and Count II (invasion of privacy) are time-barred as to the municipal defendants. We therefore address whether Count VI (defamation) and Count VIII (malicious prosecution) are timely and adequately plead.

       a.    **Count VI: Defamation against Officer Mandat**

As mentioned in footnote 4, we interpret the complaint to assert Count VI, for defamation, against Officer Mandat only. In this claim, Cui alleges that Officer Mandat defamed him in a police report,[13] which was first given to Cui's attorney at a court hearing on April 15, 2013. (Am. Compl. ¶ 14.) Cui contends that he did not review the defamatory report until May 2, 2014. (*Id.*) EPD argues that this claim is untimely. (Reply at 5–6.)

---

[13] Although the record includes some pages from police reports, we are unable to locate a copy of the police report with the particular language disputed by Cui. (Am. Compl. ¶ 6 (disputing the context of his statement that Lynn "would not get a dime").)

17

The one-year statute of limitations provided by the Tort Immunity Act applies to this defamation claim.[14] 745 ILCS 10/8-101; *Albanese*, 2014 WL 4507623, at *2. A claim for defamation accrues when the defamatory material is published. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 131–32, 334 N.E.2d 160, 161 (Ill. 1975); *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 73, 932 N.E.2d 448, 459 (1st Dist. 2010). Here, the allegedly defamatory report was published to Cui's attorney on April 15, 2013.[15] Cui did not file his complaint until September 24, 2014, and Count VI is therefore untimely by approximately five months.

In his opposition to the motion, Cui argues that the "discovery rule" applies to save his claim. (Suppl. Resp. at 2.) "Under certain circumstances, namely when a publication was hidden, inherently undiscoverable, or inherently unknowable, Illinois courts apply the 'discovery rule' such that the statute of limitations does not accrue until the plaintiff knew or should have known of the defamatory report." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434–35 (7th Cir. 2009) (internal quotation omitted); *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 326, 859 N.E.2d 1188, 1195 (2d Dist. 2006); *see Yano v. City Colleges of Chi.*, 08 C 4492, 2010 WL 4705149, at *2 (N.D. Ill. Nov. 10, 2010). Cui alleges that he did not see the report until after his criminal case was dropped, on May 2, 2014, and that he was unaware of the statute of limitations issue. Even if we accept Cui's allegations as true, the police report was not "hidden, inherently undiscoverable, or inherently unknowable." *Hukic*, 588 F.3d at 434–35. To the contrary, the report was actually received by Cui's own attorney more than a year earlier. These

---

[14] In any event, the statute of limitations is one year for all defamation claims in Illinois. 735 ILCS 5/13-201.

[15] We question whether publication to a plaintiff's attorney constitutes publication to a third party for purposes of a defamation claim, given the nature of the attorney-client relationship. We need not resolve that question in light of our ruling.

circumstances, as alleged in the complaint, simply do not warrant application of the discovery rule. Cui may not proceed with his untimely defamation claim against any defendant.

### b. Count VIII: Malicious Prosecution

Finally, we address whether Cui can assert a malicious prosecution claim against individual officers. We previously evaluated the sufficiency of this claim if brought against the City and concluded that Cui may pursue it. (*See supra* Section B.2.c.) For the same reasons, we will allow Cui to amend the complaint to include a malicious prosecution claim against specific officers.

## CONCLUSION

For the reasons set forth above, EPD's motion to dismiss all counts against it (Dkt. No. 7) is granted with prejudice. We grant Cui leave to amend his complaint to pursue a state-law malicious prosecution claim against the City of Elmhurst.

Cui may also amend his complaint, if he chooses, to pursue the following claims against individual police officers: (1) malicious prosecution; (2) conspiracy under § 1985(3) based on conduct occurring no earlier than September 24, 2012; and/or (3) § 1983 claims based on conduct occurring no earlier than September 24, 2012.

If Cui chooses to file an amended complaint consistent with this opinion, he must do so no later than June 12, 2015 and must ensure that the newly-added defendants then receive formal service of process as required by Rule 4. He must name any individual officers in the caption as defendants and must specify in the complaint which officers he alleges are liable for which claims. We remind Cui that, if he chooses to file an amended complaint, the newly-added defendants may file further motions challenging his allegations.

To be clear, Cui may not amend the complaint to include the following claims: (1) any claim under § 1986; (2) trespass; (3) invasion of privacy/intrusion upon seclusion; (4) defamation; or (5) any claim under § 1983 or § 1985(3) based on conduct occurring before September 24, 2012.

Finally, we add that this opinion does not address the claims brought by Cui as against Lynn and Jon Kubycheck. We instruct counsel for EPD and/or the City of Elmhurst, Andrew Acker, to make sure that Lynn and Jon Kubycheck are both aware of this pending federal litigation and their obligation to defend the case against them. Lynn and Jon consented to removal of the action to federal court but have yet to file an appearance here. (*See* Notice of Removal (Dkt. No. 1) at 3.) As far as we can tell, they have not answered the complaint or taken other steps in their defense. We order Mr. Acker to send copies of the current complaint and this opinion to Lynn and Jon, and to file a certificate of service as proof that he has done so. The certificate of service shall be filed no later than May 29, 2015.

It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: May 14, 2015
Chicago, Illinois