UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANG CUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 8330 |
| | ) | Hon. Marvin E. Aspen |
| ELMHURST POLICE DEPARTMENT, | ) | |
| a municipal corporation, | ) | |
| LYNN KUBYCHECK, an individual, and | ) | |
| JON KUBYCHECK, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Pro se Plaintiff Hang Cui ("Cui") filed an eight-count second amended complaint against the City of Elmhurst ("The City"), Police Officer Steven Mandat ("Officer Mandat"), in his individual and official capacities, and private citizens Lynn Kubycheck, ("Lynn") and Jon Kubycheck ("Jon"). We previously dismissed all claims originally filed against the City of Elmhurst Police Department ("EPD"), and granted Cui limited leave to file an amended complaint against the City and individual officers. Cui's second amended complaint re-alleges violations of his civil rights under 42 U.S.C. §§ 1983, 1985, and 1986, as well as violations of state law. Presently before us are two motions to dismiss, one filed by the City and Officer Mandat, and other filed by Lynn and Jon Kubycheck. For the following reasons, we grant the City's and Officer Mandat's motion, except as to the racial discrimination claim against Officer Mandat, and we grant the Kubychecks' motion in part.

**BACKGROUND**

Cui claims that on June 27, 2012, Lynn and Jon broke into his home and evicted Cui and his family, with the help of police officers Joseph Dudek and Tim Westering. (2d Am. Compl. ¶ 6.) At the time of the alleged eviction, Lynn had recently become the owner of the home, which Cui then rented. Cui refused to leave and, as a result, a police officer served him a trespass warning notice. (*Id.*) The next day, Cui went to EDP to file a complaint against Lynn and Jon. (*Id.*) EPD allegedly refused to take the complaint. (*Id.*)

On January 9, 2013, Lynn filed a complaint with EPD against Cui regarding an insufficiently funded check. (*Id.*) Cui alleges that the police report was false in that it deliberately hid numerous crucial facts. (*Id.*) Cui alleges that EPD did not investigate the complaint in a thorough or professional manner. (*Id.*) He claims that Officer Mandat spoke to him in a "nasty, disgusting, and threatening" manner, and that EPD officers failed to follow-up on exculpatory information that Cui and his civil case attorney provided to them. (*Id.*) On March 12, 2013, the police arrested Cui on criminal charges. (*Id.*) On May 2, 2014, the prosecutor dropped the criminal case against him. (*Id.* ¶ 13.)

On May 14, 2015, we dismissed all claims against EPD, but granted Cui leave to amend his complaint to include a state-law claim of malicious prosecution against the City. (5/14/15 Order at 11, Dkt. 28.) We specifically denied Cui leave to file claims against the City for racial discrimination, conspiracy, failure to prevent conspiracy, trespass, or invasion of privacy. (*Id.* at 11.) We also granted Cui leave to file claims against individual police officers for malicious prosecution, false arrest, and § 1985 (conspiracy) and § 1983 (racial discrimination) claims based on conduct occurring on or after September 24, 2012. (*Id.* at 14, 16–17.) We denied him leave to file § 1986 (failure to prevent conspiracy) or defamation claims against individual officers.

(*Id.* at 13.) At the time, Lynn and Jon Kubycheck had not filed a motion to dismiss, thus our order did not implicate Cui's claims against them.

Cui filed a second amended complaint on June 12, 2015. (2d Am. Compl., Dkt. 31.) The revised complaint alleges largely the same facts as in his first amended complaint. The only additions are a few allegations regarding his conversations with EPD police officers, which add little substance, and four additional exhibits. (2d Am. Compl. ¶ 6; Ex. 4–6.) The City of Elmhurst and Officer Mandat argue that many of Cui's claims against them are barred by our previous order, and in any event the complaint still fails to state viable claims. (City Mem., Dkt. 45.) Despite the fact that Cui did not have leave to amend certain of his claims, since he is a pro se plaintiff we will nonetheless review them under Rule 12(b)(6). Lynn and Jon, who filed a separate motion to dismiss, argue that the trespass, invasion of privacy, and conspiracy claims against them fail to state a claim, and the defamation claim is time-barred.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to "test the sufficiency of the complaint, not to decide the merits of the case." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not contain "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555, 127 S. Ct. at 1964.

Even if sufficiently plead, a complaint can also fail under Rule 12(b)(6) if the defendant can show that relief is barred by the applicable statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008). A statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Although a complaint need not anticipate and address affirmative defenses, "dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009); *Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006).

In evaluating the allegations, we also bear in mind that we are under a special obligation to construe Cui's pleadings liberally because of his pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

ANALYSIS

We will first address the City of Elmhurst's and Officer Mandat's motion to dismiss, followed by Lynn and Jon Kubychecks' motion.

A.  **The City of Elmhurst**

Although we only granted Cui leave to sue the City for malicious prosecution, his second amended complaint appears to re-assert state law claims of trespass, invasion of privacy and malicious prosecution, and federal claims for failure to prevent conspiracy, conspiracy, racial discrimination, and false arrest. The City argues that our prior order bars all but the malicious prosecution claim. In Cui's response to the City's motion, he defends only his malicious prosecution claim.

We agree that, with the exception of the malicious prosecution claim, Cui's claims against the City of Elmhurst are not viable for the reasons articulated in our earlier opinion. We will briefly summarize that reasoning here. As to the federal constitutional claims—Count III (failure to prevent conspiracy), Count V (racial discrimination), Count VI (false arrest) and Count VIII (conspiracy)—Cui's second amended complaint is still void of the *Monell* allegations necessary for claims brought under 42 U.S.C. §§ 1983, 1985, and 1986.[1] The paragraph in his amended complaint where Cui should describe the custom or policy underlying his federal constitutional claims remains blank, (2d Am. Compl. ¶ 7), and the remaining allegations equally

---

[1] As we previously explained, municipal entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotation omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037–38 (1978); *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). To state a claim under §§ 1983, 1985, or 1986 against a municipality or a municipal employee in his official capacity, a plaintiff must allege that the official policy or custom "not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims. ex. Rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Grieveson*, 538 F.3d at 771; *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

5

fail to provide the necessary detail.  Although in Counts V and VIII he alleges that the City and EPD acted in a "pattern to discriminate," he does not describe what that pattern is.  (*See id.* at ¶¶ 13, 15.)  Accordingly, Counts III, V, VI and VIII are dismissed with prejudice as to the City.

As for the state-law tort claims of trespass (Count I) and invasion of privacy (Count II), we previously denied Cui leave to amend his complaint against the City for trespass and invasion of privacy because these claims are time-barred.  (Order at 7–9.)  Our reasoning and decision stands; Counts I and II against the City are dismissed.

Finally, we turn to Cui's state-law malicious prosecution claim (Count VII).  In our past Order, we reviewed the sufficiency of Cui's allegations as if they were filed against the City, and determined that he appeared to adequately allege the elements of malicious prosecution.  (Order at 11.)  The City now argues that the substantive amendments to Cui's complaint, including the new exhibits, establish that the officers did have probable cause to arrest Cui for issuing a bad check to Lynn.  (City Mem. at 6.)  Lack of probable cause is a necessary element of Cui's malicious prosecution claim.  *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) ("[T]he existence of probable cause is a complete defense to a malicious prosecution suit [under Illinois law.]"); *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (Ill. 1996) (stating the elements of malicious prosecution under Illinois law); *Porter v. City of Chi.*, 393 Ill. App. 855, 858, 912 N.E.2d 1262, 1265 (1st Dist. 2009).  If Cui's complaint alleges facts that would preclude a reasonable trier of fact from finding probable cause was absent, then we should dismiss the claim.  *See Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir. 1993) ("If the underlying facts supporting the probable cause determination are not in dispute, the court can decide whether probable cause exists."); *Bonds v. Fizer*, 713 F. Supp. 2d 752, 761 (N.D. Ill.

2010) ("[A] conclusion that probable cause exists as a matter of law is appropriate only when no reasonable jury could find that the officer did not have probable cause.").

A finding of probable cause depends on whether "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Brooks v. City of Aurora*, 653 F.3d 478, 484 (7th Cir. 2011) (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)) (internal quotations omitted); *Padilla v. City of Chi.*, 932 F. Supp. 2d 907, 922 (N.D. Ill. 2013). We thus "step[ ] into the shoes of a reasonable person in the position of the officer." *Holland v. City of Chi.*, 643 F.3d 248, 254 (7th Cir. 2011) (quoting *Wheeler v. Lawson*, 539 F.3d629, 634 (7th Cir. 2008)).

New to Cui's second amended complaint, he attaches his arrest report, dated March 18, 2013. (2d Am. Compl. Ex. 3.) The arrest report details the actions that Officer Mandat took to investigate Lynn's police report. According to the arrest report, Officer Mandat contacted Cui to discuss the matter. Cui refused to speak with Officer Mandat and instead referred Mandat to his attorney, Angel Carter. Mandat then contacted Carter, who informed Mandat that he was not representing Cui for any bad checks. Officer Mandat also subpoenaed Cui's bank records, which showed that during the time Cui wrote the check there was insufficient funds in the account. In addition, the bank provided Officer Mandat with a copy of a notice that it issued to Cui informing him that his account was overdrawn from the check and the check was returned.

In the body of his complaint, Cui simultaneously alleges that the City arrested him and began the prosecution "without any investigation" and "without any facts." (*Id.* ¶ 15.) He complains that although he and his attorney informed EPD that the check was payment for a civil settlement to which Lynn had not fulfilled her end of the agreement, the officers failed to follow-

7

up on this information. Cui does not explain, however, why Lynn's delinquency regarding their settlement agreement excuses writing a bad check. There appears to be no dispute that his account had insufficient funds at the time that he wrote the check, a fact which the arrest report shows Officer Mandat fully investigated. Under these circumstances, we find that the second amended complaint and its exhibits allege facts sufficient to find that the City did have probable cause to arrest Cui as a matter of law. *See Maxwell*, 998 F.2d at 434; *Bonds*, 713 F. Supp. 2d at 761. Accordingly, Count VII is also dismissed against the City of Elmhurst. The City is entirely dismissed from this case.

**B.     Officer Mandat**

Cui's second amended complaint alleges federal constitutional claims of racial discrimination (Count V) and conspiracy (Count VIII) and a state-law tort claim of defamation (Count IV) against Officer Mandat in his official and individual capacities.[2]

We previously held that Cui's defamation claim against Officer Mandat is time-barred under the Illinois Tort Immunity Act one-year statute of limitations, 745 ILCS 10/8-101, and precluded Cui from re-asserting that claim. (Order at 17–19.) For those reasons, Count IV is dismissed against Officer Mandat.

Turning to the two federal claims, we find Cui sufficiently stated a racial discrimination claim, but not a claim for conspiracy to violate his civil rights. *Monell* allegations are necessary to sue individual state actors for constitutional violations in their official capacity, but not in their individual capacity. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988); *see Potts v. Moreci*, 12 F. Supp. 3d 1065, 1071 n.3 (N.D. Ill. 2013) (explaining *Monell* claims could not be brought against individual in his personal capacity); *Riley v. Cty. of Cook*, 682

---

[2] Officer Mandat is not named within any of the other counts, thus we reasonably infer these are the only claims brought against him.

8

F. Supp. 2d 856, 862 (N.D. Ill. 2010) (dismissing official capacity claims where the complaint was insufficient under *Monell*). As discussed earlier with respect to the City of Elmhurst, Cui's second amended complaint does not allege a custom or practice under *Monell*. Thus, Counts V and VIII are dismissed against Officer Mandat in his official capacity. We still must assess, however, whether these claims may stand against Officer Mandat in his individual capacity.

### 1. Count V: Racial Discrimination

In Count V, Cui asserts that Officer Mandat discriminated against him because he is Asian. (2d Am. Compl. ¶ 13.) Essentially, Cui seems to argue that Officer Mandat discriminated against Cui by treating Lynn's complaint against Cui more seriously than Cui's allegations against Lynn. We understand Cui to be raising these claims under § 1983 as equal protection violations.[3]

To state a racial discrimination claim under § 1983, Cui must allege: "1) he is a member of a protected class; 2) he was similarly situated to individuals not of the protected class; 3) he was treated differently than those similarly-situated individuals; and 4) those who treated him differently acted with discriminatory intent." *Jacobeit v. Rich Twp. High Sch. Dist. 227*, 673 F. Supp. 2d 653, 664 (N.D. Ill. 2009); *see Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Chavez v. Ill. State Police*, 251 F.3d 612, 636 (7th Cir. 2001). Here, Cui alleges that he is an Asian minority who Officer Mandat treated differently than Lynn, a white individual. He contends that Officer Mandat ignored Cui's allegation against Lynn that the insufficiently funded check was related to a civil settlement agreement that Lynn breached, while pursuing Lynn's complaint against Cui. (2d Am. Compl. ¶ 13.) Cui claims that Officer Mandat engaged in this

---

[3] We previously granted Cui leave to amend his complaint to include a § 1983 racial discrimination claim against Officer Mandat based on conduct occurring on or after September 24, 2012. (Order at 13–14.) Cui's racial discrimination claim against Officer Mandat relates to incidents that occurred in early 2013, thus they are not timed barred.

9

alleged disparate treatment because Cui is Asian. (*Id.*) Reading the complaint liberally in his favor, as we must, these allegations sufficiently state a claim for equal protection. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 n.3, 109 S. Ct. 998, 1004 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."); *Hanes v. Zurick*, 578 F.3d 491, 497 (7th Cir. 2009) (finding plaintiff stated an equal protection claim where he alleged police officers treated him unequally by ignoring his complaints against his neighbors and arresting him in response to his neighbors complaints against him).

Officer Mandat argues that the claim should be dismissed because the complaint itself establishes that after investigating Lynn's complaint he did not have grounds to arrest or prosecute Lynn, but did have probable cause to arrest Cui. (City Mem. at 9–10.) It is true that "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006)). But Cui has not done so here. While the arrest report attached to the complaint states that Officer Mandat did investigate Lynn's allegations regarding the bad check, Cui also alleges that Officer Mandat failed to investigate his defense that the check related to a civil settlement. There is nothing in the complaint to contradict this later allegation, which we find would support Cui's equal protection claim. Accordingly, based on the arguments before us,[4] Defendants' motion to dismiss Count V against Officer Mandat in his individual capacity is denied.

---

[4] Officer Mandat may be entitled to other defenses precluding his liability on this claim. Since Defendant has not raised any other defenses at this time, however, we will not address them.

## 2. Count VIII: Conspiracy to Violate Plaintiff's Civil Rights

Next, Cui alleges that Officer Mandat engaged in a conspiracy to violate his civil rights, which is prohibited by § 1985(3). 42 U.S.C. § 1985(3). We previously permitted Cui to file an amended complaint against individual officers for alleged acts of conspiracy that occurred on or after September 24, 2012. (Order at 16–17, 16 n.12.) Officer Mandat argues that Cui's complaint is too vague in its explanation of the conspiracy and its participants to sufficiently state a claim. (City Mem. at 10.)

A plaintiff may assert a § 1985(3) conspiracy claim when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of laws." 42 U.S.C. § 1985(d). To state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) a purpose of depriving any person of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) injury to one's person or property or a deprivation of a right or privilege of a citizen of the United States."[5] *Malone v. Am. Friends Serv. Comm.*, 213 F. App'x. 490, 494–95 (7th Cir. 2007); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *Villars*, 45 F. Supp. 3d at 804. There is no heightened pleading requirement for asserting a conspiracy claim, and "[i]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *see Loubser v. Thacker*, 440 F.3d 439, 442–43 (7th Cir. 2006); *Azroui v. Hahs*, 10 C 4772, 2011 WL 3876948, at *5 (N.D. Ill. Aug. 30, 2011).

Here, Cui fails to allege an actual conspiracy, *i.e.*, a meeting of the minds between at least two individuals. The complaint alleges that EPD "acted in a pattern to discriminate plaintiff and

---

[5] To the extent Cui intended to bring his conspiracy claim under § 1983, our analysis would be the same.

11

conspired to violate plaintiff's constitutional rights." (2d Am. Compl. ¶ 16.) But this is as descriptive as his allegations regarding the conspiracy get. The rest of his claim asserts a litany of individual conduct by EPD, Officer Mandat, and the City of Elmhurst's Mayor, without alleging any mutual action or intent to deprive Cui of his constitutional rights. See *Lyttle v. Killackey*, 528 F. Supp. 2d 818, 831 (N.D. Ill. 2007) (holding a plaintiff "must do more than make a 'blanket assertion' that a conspiracy occurred" to state a claim). For example, he claims that Officer Mandat tried to frame him and submitted a "bogus case" trying to convict him for the bad check, but Cui does not allege that these actions were taken in furtherance of an agreement between Officer Mandat and any other individuals. (*Id.*) As noted earlier, "[t]he minimum ingredient of a conspiracy . . . is an agreement to commit some future unlawful act in pursuit of a joint objective." *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). Since Cui has not articulated any agreement between Officer Mandat and another party, his conspiracy allegation is too vague to state a claim.

Moreover, Cui does not even name another viable conspirator. To state a conspiracy claim, a plaintiff must allege an agreement between at least two individuals. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 516 (7th Cir. 2007) (affirming dismissal of conspiracy claim where plaintiff failed to allege the defendant conspired with another individual). As we have previously held, neither EPD nor the City of Elmhurst can be liable for conspiracy. Cui's allegations regarding the Mayor—the only other person or entity mentioned in Cui's conspiracy claim—are limited to March 12, 2013 (the day Cui was arrested), which is well after Officer Mandat's alleged attempts to frame and convict Cui were underway. Cui's complaint is devoid of any allegations that Mandat agreed with another individual to violate

12

Cui's constitutional rights, equal protection or otherwise. Accordingly, Cui's complaint fails to state a claim for conspiracy against Officer Mandat, and Count VIII is dismissed.

In sum, Cui may proceed with his racial discrimination claim (Count V) against Officer Mandat only; all other claims against the Officer are dismissed. We turn next to the Kubychecks' motion to dismiss.

## C. Lynn and Jon Kubycheck

Cui claims Lynn and Jon both committed trespass, invasion of privacy, and conspiracy to violate his civil rights, and he asserts additional claims of defamation and malicious prosecution against Lynn. The Kubychecks argue that the trespass, invasion of privacy, and conspiracy claims should be dismissed for failure to state a claim, and contend that the defamation claim is time-barred. We address each claim in turn. They make no motion as to the malicious prosecution claim against Lynn, thus that claim remains pending.

### 1. Count I: Trespass

Under Illinois law, "trespass is an intentional invasion of the exclusive possession and physical condition of land." *Freese v. Buoy*, 217 Ill. App. 3d 234, 576 N.E.2d 1176, 1182 (5th Dist. 1991); *see Matthews v. Homecoming Fin. Network*, 03 C 3115, 2005 WL 2387688, at *8 (N.D. Ill. Sept. 26, 2005); *Lyons v. State Farm Fire & Cas. Co.*, 349 Ill. App. 3d 404, 411, 811 N.E.2d 718, 725 (5th Dist. 2004). "[A] landlord's invasion of a tenant's right to possession can form the basis of a trespass claim for which the landlord is liable." *Mumm v. Wetter*, 05 C 6149, 2006 WL 163151, at *3 (N.D. Ill. Jan. 20, 2006). Cui alleges that on June 27, 2012, Lynn and Jon committed "home invasion and criminal trespassing." (2d Am. Compl. ¶ 9.) He claims that the two "chose to break the law" by breaking into his "then residence" at 506 East Park Avenue, without his knowledge or consent. (*Id.*)

13

Lynn and Jon argue that these allegations are conclusory and do not clearly allege trespass, and contend that, in any event, Lynn was the lawful owner of the premises at the time in question. (Kubycheck Mem. at 3, Dkt. 49.) Construing the pro se allegations liberally in Cui's favor, however, Cui's complaint provides Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964. Cui's description of 506 East Park Avenue as "his residence" is sufficient to allege exclusive possession of the property, and his contention that Lynn and Jon "chose to break the law" alleges intent. Although the Kubychecks dispute, as a factual matter, whether Cui was entitled to exclusive possession on June 27, we do not resolve factual disputes at the motion to dismiss stage. Lynn's Forcible Entry Order from DuPage County may prove highly relevant to their defense at later stages of this litigation, but we may not consider it here. Thus, the Kubychecks' motion to dismiss Count I against them is denied.

  **2.** **Count II: Invasion of Privacy**

In Count II, Cui alleges that Lynn and Jon broke into his home and removed his personal belongings. (2d Am. Compl. ¶ 10.) We interpret these allegations as a claim for intrusion upon seclusion, which is a specific type of privacy tort. *See Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1032–35, 714 N.E.2d 1002, 1006–08 (2d Dist. 1999) (listing examples of intrusions upon seclusion, including "invading someone's home"). An intrusion upon seclusion claim under Illinois law requires a plaintiff to plead: "(1) an unauthorized intrusion into her seclusion; (2) that is offensive or objectionable to a reasonable person; (3) regarding a private matter; and (4) that causes anguish and suffering." *Neil v. Nesbit*, 13 C 3809, 2014 WL 4897315, at *3 (N.D. Ill. Sept. 27, 2014); *Johnson v. K mart Corp.*, 311 Ill. App. 3d 573, 578, 723 N.E.2d 1192, 1196 (1st Dist. 2000). "[T]he core of this tort is the offensive prying into

the private domain of another." *Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411, 417, 534 N.E.2d 987, 989 (Ill. 1989); *see Vega v. Chi. Park Dist.*, 958 F. Supp. 2d 943, 959 (N.D. Ill. 2013).

Lynn and Jon argue this claim must be dismissed because Lynn was the lawful possessor of the property at the time of the alleged invasion, thus Cui was not entitled to privacy therein. (Kubycheck Mem. at 4.) As discussed in our analysis of Cui's trespass claim, factual disputes regarding the right to exclusive possession may not be resolved at the pleading stage. Cui alleges that Lynn and Jon broke into "his" home, and at this time we must accept those allegations as true. We find that Cui's allegations that Lynn and Jon forcibly broke into his home and removed his personal belongings sufficiently states a claim for invasion of privacy under Illinois law. *See Jackson v. Bank of New York*, 11 C 6410, 2012 WL 2503956, at *5 (N.D. Ill. June 28, 2012) (finding allegations that defendant invaded plaintiff's home where he kept private papers was sufficient to allege intrusion into a private matter); *Biondich v. NBC Subsidiary (WMAQ-TV), Inc.*, No. 9-2269, 2011 WL 9717470, at *4 (Ill. App. Ct. Jan. 21, 2011) ("It is not unreasonable to expect privacy, that is, to expect to be left alone, in one's home."). Accordingly, the Kubychecks' motion to dismiss Count II against them is denied.

### 3. Count IV: Defamation

Cui also attempts to re-allege his defamation claim against Lynn. (2d Am. Compl. ¶ 12.) In our earlier Order we explained that under Illinois law defamation claims are subject to a one-year statute of limitations. (Order at 18 n.14 (citing 735 ILCS 5/13-201).) After analyzing Cui's defamation allegations—which have not changed—we found that his claim was time-barred as to all defendants. (*Id.* at 19.) For the same reasoning, we grant Lynn's motion to dismiss the defamation claim against him, and dismiss Count IV as time-barred.

### 4. Count VIII: Conspiracy to Violate Civil Rights

Cui also brings a conspiracy claim against Lynn and Jon under § 1985. The Kubychecks argue that Cui's complaint fails to identify a conspiracy or its participants. (Kubycheck Mem. at 5.) To state his claim for conspiracy, Cui must allege that at least two co-conspirators formed an agreement for the purpose of depriving him of his civil rights, and that at least one of those co-conspirators acted in furtherance of that agreement. *Malone*, 213 F. App'x. at 494–95 (stating the elements of a § 1985(3) conspiracy claim); *see Starks v. City of Waukegan*, 9 C 348, 2015 WL 5012131, at *26 (N.D. Ill. July 24, 2015) ("As with § 1983 conspiracy claims, a plaintiff [asserting civil conspiracy claims under state law] must allege an agreement *and* a tortious act committed in furtherance of that agreement."). In addition, since Lynn and Jon are private citizens, to be liable for conspiracy under §§ 1983 or 1985, at least one of the co-conspirators must have been a state actor. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002); *Alexan v. Burke*, 62 F. Supp. 3d 784, 792 (N.D. Ill. 2014).

In Cui's general allegations, he claims that EPD officers Joseph Dudek and Tim Westering "maliciously conspired" with Jon and Lynn to violate his civil rights. (2d Am. Compl. ¶ 6.) This is the extent of his conspiracy allegations against the Kubychecks. He does not provide any detail regarding the substance of or circumstances surrounding the agreement, nor does he identify what conduct by the alleged conspirators was taken in furtherance of the agreement. *See LoggerHead Tools, LLC v. Sears Holding Corp.*, 19 F. Supp. 3d 775, 784 (N.D. Ill. 2013) (dismissing claim where the complaint simply asserted the legal conclusion that defendants engaged in a civil conspiracy); *Lyttle*, 528 F. Supp. 2d at 831.

Moreover, we previously held that conspiracy claims based on events that occurred prior to September 24, 2012, including the events surrounding Cui's eviction in June 2012, are time-

barred. (Order at 16 n.12.) Cui contends that Lynn's and Jon's co-conspirators were Officers Dudek and Westering, who were the officers who participated in the June 2012 eviction. The complaint does not allege any involvement by these officers after that time. Thus, even if we assume Cui is alleging all the actions taken by Lynn, Jon, Dudek, and Westering surrounding the 2012 eviction were taken in furtherance of the conspiracy, this conduct cannot form the basis of a viable claim. Since Cui failed to sufficiently allege an agreement or any conduct taken in further of that agreement, and did not even identify state co-conspirators within the statute of limitations, his conspiracy claim against Lynn and Jon must be dismissed.

To reiterate, the Kubychecks' motion to dismiss is granted as to the defamation and conspiracy claims against them. Cui may proceed with his claims for trespass and invasion of privacy against Lynn and Jon, in addition to the malicious prosecution claim against Lynn.

## CONCLUSION

For the reasons set forth above, the City's motion to dismiss all counts against it is granted, Officer Mandat's motion to dismiss all counts against him is granted with the exception of Count V (racial discrimination), and the Kubychecks' motion to dismiss is granted as to the defamation and conspiracy claims, but denied as to the trespass and invasion of privacy claims.

Accordingly, the only remaining claims are: trespass (Count I) against Lynn and Jon; invasion of privacy (Count II) against Lynn and Jon; racial discrimination (Count V) against Officer Mandat; and malicious prosecution (Count VII) against Lynn.

17

It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:	September 17, 2015
	Chicago, Illinois