# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HANG CUI and RUIYING FEI, )<br>)<br>    **Plaintiffs,** )<br>)<br>    v. )<br>)<br>ELMHURST POLICE DEPARTMENT, )<br>et al. )<br>)<br>    **Defendants.** ) | No. 14 C 8330<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

Presently before us is Defendants City of Elmhurst, Officer Art Ciszewski, Commander Robert Nichols' ("Elmhurst Defendants") motion to dismiss Counts I, II, III, VIII, IX, and X of Plaintiffs' Fourth Amended Complaint. (Dkt. No. 131.) Also before us is Defendants Lynn Kubycheck and Jon Kubycheck's ("Kubycheck Defendants") motion to dismiss Counts I–VII of Plaintiff's Fourth Amended Complaint. (Dkt. No. 136.) For the reasons stated below, we grant Defendants' motions to dismiss Counts II, III, IX, and X. Only state-law claims remain, and we decline to exercise supplemental jurisdiction over the remaining claims. The case is remanded to the Circuit Court of Cook County for further proceedings.

## FACTUAL BACKGROUND

At the motion to dismiss stage, we accept all well-pleaded factual allegations as true, and draw all inferences in the plaintiffs' favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). In February 2012, Plaintiffs lived in a bank-owned home located at 506 East Park Avenue, in Elmhurst, IL. (Fourth Am. Compl. (Dkt. No. 119) ¶ 7.) Plaintiffs had a "month to month short lease." (*Id.*) On February 17, 2012, Lynn Kubycheck ("Lynn") bought the home and served Plaintiffs with notice that their lease was to be terminated.

(*Id.*) Plaintiffs asked Lynn to lease the home to them on a short term basis while they sought a new home. (*Id.*) She "refused and filed an eviction case" on June 7, 2012. (*Id.* ¶ 8.) Cui and Lynn "reached a settlement through their attorneys... in eviction court," which allowed Plaintiffs to remain in the home until June 26, 2012. (*Id.*) The agreement further provided Plaintiffs would pay Lynn $1,853, and Lynn would "sign the paper to vacate the eviction order." (*Id.*)

On June 26, 2012, Cui gave his attorney a check for $1,853 to give to Lynn after she delivered the signed documents vacating the eviction order. (*Id.*) Plaintiffs allege Cui intentionally left insufficient funds in the account and planned to place sufficient funds in the account only after the signed documents were delivered. (*Id.*) Lynn received the check on June 26, 2012, but she did not deliver the signed documents. (*Id.* ¶¶ 11–12.) Plaintiffs further allege that, on June 27, 2012, Lynn and her son, Jon Kubycheck, "broke into the house through the back door," noticed that appliances were missing, and called the police to report the appliances stolen. (*Id.* ¶ 10.) The police evicted Plaintiffs and their daughter on that same day. (*Id.*)

On January 9, 2013, Lynn filed a police report, "falsely telling the police that 'on 6/26/12 she received a check from Cui's business account for the last month's rent in the amount of $1853.00,'" but that there were insufficient funds in the account, and allegedly claimed that Cui had "intended to defraud her with a 'bad rent check.'" (*Id.* ¶¶ 11–12.) On March 12, 2013, Officers Art Ciszewski and Steven Mandat "arrested Mr. Cui at his home, in the presence of his spouse, . . . without probable cause, for misdemeanor Attempted Deceptive Practice" under Illinois law. (*Id.* ¶ 14.) Plaintiffs allege "Defendant Commander Nichols approved the arrest, and on information and belief, the criminal prosecution" that followed. (*Id.*)

2

Plaintiffs further allege that the police did not thoroughly investigate the dispute before arresting Cui, and assert Lynn lied to the police about the nature of their dispute. (*Id.*) On May 2, 2014, the State voluntarily dismissed all charges against Cui. (*Id.* ¶ 15.)

Cui filed a pro se complaint against the City of Elmhurst Police Department, Lynn Kubycheck, and Jon Kubycheck in the Circuit Court of Cook County, Illinois on September 24, 2014. (Dkt. No. 1 ¶ 2.) On October 23, 2014, the Elmhurst Police Department removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1443. Cui filed his first amended pro se complaint on December 31, 2014. (Dkt. No. 22.) We granted the Elmhurst Police Department's motion to dismiss all counts against it on May 5, 2015, but granted Cui leave to file an amended complaint to pursue a state-law malicious prosecution claim against the City of Elmhurst. (Dkt. No. 27.) Cui filed a second amended pro se complaint on June 12, 2015, naming the City of Elmhurst, Officer Steven Mandat, Lynn Kubycheck, and Jon Kubycheck as defendants. (Dkt. No. 31.)

On September 17, 2015, we again dismissed all counts against the City of Elmhurst, all counts against Officer Mandat except for Cui's racial discrimination claim,[1] and Cui's state-law defamation and conspiracy claims against the Kubychecks. (Dkt. No. 55.) Cui and Ruiying Fei, now represented by counsel, filed a third amended complaint on May 16, 2016, which was not served on the Defendants. (Dkt. No. 104.) Finally, on October 11, 2016, Plaintiffs filed the operative, Fourth Amended Complaint, naming as defendants the City of Elmhurst, Officer Art Ciszewski, Commander Robert Nichols, and the Kubychecks. The Fourth Amended Complaint asserts federal claims under 42 U.S.C §§ 1983 and 1985, along with Illinois state law claims for malicious prosecution, trespass, invasion of privacy, negligent infliction of emotional distress,

---

[1] The parties settled this claim, and we dismissed Mandat with prejudice on June 20, 2016. (Dkt. No. 109.)

3

intentional infliction of emotional distress, and indemnification. The Elmhurst Defendants moved to dismiss all counts against them on November 8, 2016, and the Kubychecks moved to dismiss all counts against them on November 11, 2016.[2] (Dkt. Nos. 131, 136.)

## LEGAL STANDARD

Defendants' motions to dismiss for failure to state a claim upon which relief may be granted are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of the motion to dismiss is to test the sufficiency of the complaint, not decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990) (internal quotation marks omitted) (quoting *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). Dismissal pursuant to Rule 12(b)(6) is proper only if a complaint lacks enough facts "to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *accord. Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). That is, while the plaintiff need not plead "detailed factual allegations," the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65.

---

[2] Plaintiffs timely filed their response to both motions on December 7, 2016. (Dkt. No. 141.) On January 8, 2017, Plaintiffs filed a motion for leave to file two attachments to their response. (Dkt. No. 143.) Plaintiffs' motion is granted, and we consider the attached exhibits for the purpose of deciding the present motions to dismiss.

4

# ANALYSIS

## I. Kubycheck Defendants

### a. False Arrest (Count II)

Lynn Kubycheck first argues Plaintiffs' § 1983 false arrest claim (Count II) against her must be dismissed because she is a private citizen, and thus has no power to make an arrest. (Dkt. No. 136 at 4.) "A private citizen may not be liable under § 1983 unless the citizen becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights." *Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010) (citing *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002)). Plaintiffs do not claim, and allege no facts to suggest, Lynn ever acted as a public officer. Further, Plaintiffs' claim does not sufficiently allege Lynn conspired with a public employee to deprive Cui of his Fourth Amendment rights. Rather, Plaintiffs' complaint merely alleges Lynn's actions "caused the arrest" of Cui. (Compl. ¶ 27.) More specifically, Plaintiffs allege Lynn "knowingly filed a false police report" stating that she had received a bad rent check from Cui, even though she "knew there was no probable cause to believe that Mr. Cui intended to defraud her with a 'bad rent check' because it was not a 'rent check.'" (*Id.* ¶ 11–12.) Those allegations are insufficient to support an inference that Lynn conspired with a public employee to deprive Cui of his Fourth Amendment rights by causing his false arrest. Accordingly, we grant Lynn's motion to dismiss Count II of Plaintiffs' complaint.

### b. Conspiracy to Violate Civil Rights (Count III)

In Count III of their Fourth Amended Complaint, Plaintiffs claim Lynn Kubycheck conspired with Officers Ciszewski and Commander Nichols ("Defendant Officers") to violate Cui's constitutional rights in violation of 42 U.S.C. § 1985. Lynn argues Count III must be

dismissed because Plaintiffs "allege[] only a garden variety of facts . . . which, taken as a whole, neither identifies a conspiracy nor the participants of any alleged conspiracy." (Dkt. No. 136 at 5.) A plaintiff may assert a § 1985 conspiracy claim when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). The elements of a § 1985 claim are: "(1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States." *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006) (citations omitted), *overturned on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

In our September 17, 2015 Order, we dismissed Cui's conspiracy claim against the Kubycheck Defendants because he "failed to sufficiently allege an agreement or any conduct taken in furtherance of that agreement, and did not even identify state co-conspirators within the statute of limitations." (Dkt. No. 55 at 17.) At the time, Cui's second amended complaint alleged Elmhurst Police Department officers Joseph Dudek and Tim Westering "maliciously conspired" with the Kubychecks to violate his civil rights. (Dkt. No. 31 ¶ 6.) Plaintiffs' current complaint lacks even such a conclusory allegation of an agreement or any actions in furtherance of that agreement. (*See generally* Fourth Am. Compl.) *See also McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("[L]egal conclusions and conclusory allegations merely reciting the elements of the claim" are not entitled to a presumption of truth, and are not considered when determining the sufficiency of the complaint). Accordingly, we grant Lynn Kubycheck's motion to dismiss Count III of Plaintiffs' complaint.

## II. Elmhurst Defendants

### a. Timeliness of Plaintiffs' Federal Claims

The Elmhurst Defendants also argue Plaintiffs' § 1983 claim for false arrest (Count II), § 1985 claim for conspiracy to violate Cui's civil rights (Count III), § 1983 equal protection (Count IX), and § 1983 class of one (Count X) claims against them must be dismissed because the claims are time barred. *See Logan*, 644 F.3d at 582 ("While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). In Illinois, § 1983 claims are governed by a two-year statute of limitations. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (citing *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004)). Plaintiffs' 42 U.S.C. § 1985 claim is governed by a one-year statute of limitations. 42 U.S.C. § 1986.

The Defendant Officers argue that Plaintiffs' § 1983 and § 1985 claims against them accrued on March 12, 2013, which is the date Officer Art Ciszewski and Officer Steven Mandat arrested Cui, with Defendant Commander Nichols' approval, "for misdemeanor Attempted Deceptive Practice" under Illinois law. (Fourth Am. Compl. ¶ 14.) Thus, they argue Plaintiffs must have brought their § 1983 claims against the Defendant Officers by March 12, 2015 and their § 1985 claims by March 12, 2014. Because the Defendant Officers were not named as defendants until Plaintiffs' filed their Fourth Amended Complaint on October 11, 2016—more than one year after the statute of limitations had run—they contend Plaintiffs' federal claims against them are time barred. (Dkt. No. 132 at 7.) In response, Plaintiffs argue that pursuant to Federal Rule of Civil Procedure 15(c), the addition of the Defendant Officers relates back to the

7

date of their original filing on September 24, 2014, and so their § 1983 and § 1985 claims are timely. (Dkt. No. 140 at 10–11.)

Rule 15(c)(1)(C) provides that an amendment relates back to the date of the original pleading when the party to be added: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs argue that the Defendant Officers had notice of the action and knew that it would have been brought against them but for a mistake, because Cui's original pro se complaint named "officers and supervisors in their individual capacities" and Officer Ciszewski was mentioned in the text of the original complaint. (Dkt. No. 140 at 11.) Plaintiffs additionally contend Officer Ciszewski's "name is on the arrest report, and he was placed on notice, within the limitations period, that he was being sued by Cui when the original complaint sued the police department and the current defense counsel appeared for that named defendant," and the "arrest report lists Defendant Nicholas as a supervisor, which means he had control over the false arrest and prosecution, and should therefore remain liable at this stage." (*Id.* at 12–13.)

In response, the Defendant Officers argue that Cui did not mistakenly fail to name them as defendants, but rather had knowledge of their identities and simply made a "deliberate choice" not to name them as defendants. (Dkt. No. 142 at 6.) As evidence of that deliberate choice, they point to the fact that Cui named Officer Steven Mandat, but no other officers, in his amended complaint after our May 14, 2015 Order allowed him to pursue his claims against individual Elmhurst Police Department officers. (Dkt. Nos. 28, 31.)

While "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of

8

making a mistake concerning the proper party's identity," it is "error to conflate knowledge of a party's existence with the absence of mistake." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549, 130 S. Ct. 2485, 2494 (2010). That is, "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on the misimpression." *Id.*

We are unpersuaded by the Defendant Officers' argument that Cui's knowledge of their existence or failure to name them as defendants entails that he made a "deliberate choice" to not sue them. Especially given Cui's pro se status prior to his Fourth Amended Complaint, in which he named the Defendant Officers,[3] (Dkt. No. 104), and his previous indications that he intended to sue numerous Elmhurst Police Officers and "supervisors" involved with his arrest, (*see* Dkt. Nos. 1–1, 22), we find it more likely that Cui was either mistaken in his understanding of which officers he was permitted to sue, or he simply mistakenly failed to sue the Defendant Officers. *See Stewart v. Mesrobian*, 12 C 50273, 2015 WL 685708, at *6 (N.D. Ill. Feb. 18, 2015) (observing that plaintiff's pro se status strengthened its finding that plaintiff did not make a deliberate choice to not sue a particular party, even though the plaintiff knew of that party's existence).

We also find the Defendant Officers should have known they were intended parties in this action, and that they will not be unduly prejudiced by being named plaintiffs at this stage. Cui's first two complaints were directed at the Elmhurst Police Department, as well as its officers and supervisors. (Dkt. Nos. 1–1, 22.) *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (finding the addition of a corporate party related back

---

[3] Plaintiffs third amended complaint with the assistance of counsel on May 16, 2015 naming the Defendant Officers, but the defendants were not served with that complaint. (Dkt. No. 104.)

9

under Rule 15(c) when the party shared an office with the improperly sued corporation and the corporations were "pieces of a dizzying array of corporate entities"). Commander Nichols, being the supervisor that approved Cui's arrest on March 12, 2013, should have known that he was included in the group of "supervisors" Cui intended to sue. Further, both complaints contained allegations that Officer Ciszewski was involved in the investigation that led to Cui's arrest on March 12, 2013, which gave Officer Ciszewski adequate notice he was one of the numerous officers Cui arrest intended to sue for their involvement in his arrest. (*See* Dkt. Nos. 1–1, 22.) *See also Jones v. Dart*, 12 C 9272, 2013 WL 4854368, at *3 (N.D. Ill. Sept. 11, 2013) (finding it more likely the newly added defendant knew or should have known the plaintiff intended to sue it given the plaintiff's original complaint was filed pro se); *cf. Harrer v. Bayview Loan Serv., LLC*, 15 C 4075, 2016 WL 6995559, at *3 (N.D. Ill. Nov. 30, 2016) (finding plaintiff's new claim related back to the date of his original pleading in part because he "continued to include the factual allegations relevant to his [] claim in his first and second amended complaints, . . . even though he omitted an express claim for such relief from those iterations of his complaint for some reason").

Finally, none of the Defendant Officers claim their addition at this point in the litigation will unduly prejudice them in a way that impairs their ability to defend themselves. *Joseph*, 638 F.3d at 560. Accordingly, we find the addition of the Defendant Officers in Plaintiffs' Fourth Amended Complaint relates back to the date of Cui's original filing, September 24, 2014. Plaintiffs' § 1983 claims are thus not time barred, and the Defendant Officers' motion to dismiss Counts II, IX, and X as untimely is denied. Plaintiffs' 42 U.S.C. § 1985 claim against the Defendant Officers, however, was still filed several months after the statute of limitations

expired on March 12, 2014, and is thus time barred. We therefore grant the Defendant Officers' motion to dismiss Count III, with prejudice.

### b. False Arrest (Count II)

The Elmhurst Defendants argue Plaintiffs' § 1983 claim for false arrest (Count II), and 42 U.S.C. § 1985 claim for conspiracy to violate Cui's civil rights (Count III) must be dismissed, because the officers had probable cause to arrest Cui. (Dkt. No. 132 at 8–12.) Because we have already determined Plaintiffs' 42 U.S.C. § 1985 claim is untimely, we address only Count II. A finding of probable cause is a complete defense to Plaintiffs' false arrest claim. *Maniscalco v. Simon*, 712 F.3d 1139, 1143 (7th Cir. 2013); *see also Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016) ("To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest." (citing *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012)).

We look to Plaintiffs' complaint and attached exhibits to determine whether they have alleged facts that show the police officers had probable cause to arrest Cui and thus have pleaded themselves out of court. *Williamson v. Curran*, 714 F.3d 432, 448 (7th Cir. 2013). A finding of probable cause requires we "step[] into the shoes of a reasonable person in the position of the officer," *Holland v. City of Chi.*, 643 F.3d 248, 254 (7th Cir. 2011) (citation omitted), and determine whether "the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense," *Brooks v. City of Aurora*, 653 F.3d 526, 537 (7th Cir. 2009) (citation omitted).

Plaintiffs allege Cui was arrested for Attempted Deceptive Practices pursuant to 720 ILCS 5/17–1, which states:

> "A person commits a deceptive practice when: (1) [w]ith intent to obtain control over property or to pay for property, labor or services of another . . . he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository."

720 ILCS 5/17–1(B). For the purposes of the statute, "'property' includes rental property (real or personal)." *Id.* We look to Plaintiffs' complaint and Officer Mandat's interrogatory answers, attached as an exhibit to Plaintiffs' response brief, for details concerning the extensive police investigation into Cui's conduct before his arrest. (Dkt. No. 143–2.)

In our September 17, 2015 Order, we dismissed Cui's claim against the City of Elmhurst for malicious prosecution because we found that the police officers had probable cause to arrest him for writing a bad check. (Dkt. No. 55 at 6–8.) Plaintiff now argues we should find the police did not have probable cause to arrest Cui because: (1) our prior ruling "did not mention the required, essential element of the deceptive practices offense of *intent to defraud*"; (2) Officer Mandat's interrogatory answer "admits[] that he knew about the court settlement agreement, and that he did not know Lynn Kubycheck did not do her part of the agreement— signing the dismissal order"; (3) Cui's arrest report shows that "Officer Mandat significantly altered Mr. Cui's statement upon arrest"; (4) the Defendant Officers should have arrested Cui the completed crime of deceptive practices, as opposed to "attempted" deceptive practices; (5) the arrest report incorrectly states that the bad check was a "rent" check; and (6) "there is evidence that the complainant, Lynn Kubycheck, bore a grudge against Plaintiff Cui for taking his appliances with him from the house when he and his family moved." (Dkt. No. 140 at 8–10 (emphasis in original).)

Having considered Plaintiffs' additional allegations and taking them all as true, we again find there was probable cause to arrest Cui. Plaintiffs allege that, on January 9, 2013, Lynn Kubycheck "knowingly filed a false police report, falsely telling the police that . . . 'she received

12

a check from Cui's business account for the last month's rent in the amount of $1853.00.'" (Compl. ¶ 11.) In the course of his investigation, Officer Mandat learned that the check was part of a settlement agreement, but was informed that Cui owed the money pursuant to the agreement because "possession of [the home] was wrongly withheld by Hang Cui and Rulying Fei." (Dkt. No. 143–2 ¶ 9.) Officer Mandat received a copy of the check dated June 26, 2012 that Cui issued to the Kubychecks, receipts from Bank of America showing Lynn Kubycheck's repeated attempts to cash the check in July 2012, and notices from the bank that the check would not be honored because the account did not have sufficient funds in the account. (Dkt. No. 143–2 ¶ 5.) Officer Mandat also received a copy of a letter Lynn sent to Cui on December 6, 2012 informing him the check had been returned and demanding payment. (*Id.*) The certified letter included a receipt signed by Cui on December 14, 2012. (*Id.*) Officer Mandat received notice from the bank that Lynn attempted to cash the check again after sending the certified letter to Cui. (*Id.* ¶ 9). After this investigation, the police obtained an arrest warrant, which they served upon Cui on March 12, 2013. (*Id.* ¶ 13.)

Given the police department's extensive investigation into Cui's conduct and the information they knew at the time of arrest, we find a prudent person would have believed Cui had committed the offense of deceptive practices under 720 ILCS 5/17–1(B).[4] The police knew that Cui gave a check to Lynn with insufficient funds in his account, that the check was presented for payment and rejected several times in both July and December, and that Cui failed to remedy the situation even after Lynn notified him of the insufficient funds. The police could

---

[4] We are unpersuaded by Plaintiffs' argument that, because the facts presented to the police suggested his alleged crime was completed, they did not have probable cause to arrest him for attempting the crime. (Compl ¶ 14.) Attempted deceptive practice is a lesser included offense of a completed deceptive practice, for which the police had probable cause to arrest Cui. *See* Fed. R. Crim. P. 31(c)

13

thus reasonably infer Cui gave the check to Lynn knowingly and with intent to defraud her. *See* 720 ILCS 5/17–1(B) ("The trier of fact may infer that the defendant knows that the check or other order will not be paid by the depository and that the defendant has acted with intent to defraud when the defendant fails to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart."). Finally, because the officers knew Cui owed Lynn the money for withholding possession of Lynn's home and Lynn told them it was a rent check, the police reasonably could infer the check was payment for rental property. We thus find Plaintiffs' own allegations establish the officers had probable cause to arrest Cui, and grant the Elmhurst Defendants' motion to dismiss Count II.

### c. Qualified Immunity

Officer Ciszewski and Commander Nichols argue Plaintiffs' § 1983 equal protection claims (Counts IX and X) must be denied because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Rabin v. Flynn*, 725 F.3d 628, 632 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012)). Plaintiffs argue the Defendant Officers violated Cui's clearly established equal protection rights under the Fourteenth Amendment by causing "criminal charges to be lodged against [him] without probable cause," "fail[ing] in their duty to enforce the laws equally and fairly towards [him]," intentionally treating him differently "because of his racial category," "act[ing] with discriminatory intent by treating [him] differently," and falsely arresting him. (Dkt. No. 119 ¶¶ 54–55.)

14

As we previously stated, Plaintiffs have not sufficiently alleged the Defendant Officers arrested Cui without probable cause, and therefore allegations that they falsely arrested Cui cannot justify a finding that they violated his clearly established constitutional rights.  Plaintiffs may, however, defeat the Defendant Officers' qualified immunity defense by adequately pleading racial discrimination in violation of the equal protection clause of the Fourteenth Amendment, which requires they allege Cui: 1) is part of a protected class; 2) "he was similarly situated to individuals not of the protected class; 3) he was treated differently than those similarly-situated individuals; and 4) those who treated him differently acted with discriminatory intent."  *Jacobeit v. Rich Tp. High Sch. Dist. 227*, 673 F. Supp. 2d 653, 664 (N.D. Ill. 2009) (citations omitted).  We previously found Cui had plausibly alleged a racial discrimination claim against Officer Mandat defense because he plausibly alleged Officer Mandat failed to properly investigate Cui's claims, but adequately pursued Lynn Kubycheck's complaint against Cui, because Cui is Asian.  (Dkt. No. 55 at 9–10.)

In contrast, Plaintiffs have failed to provide anything other than conclusory allegations that the Defendant Officers denied Cui equal protection of the law on account of his race. Plaintiffs' allege Officer Ciszewski "arrested Mr. Cui at his home . . . without probable cause"; that Commander Nichols "approved the arrest, and on information and belief, the criminal prosecution"; and that they relied on Officer Mandat's altered account of Cui's statements at the time of arrest in order to charge him with misdemeanor attempted deceptive practices under Illinois law.  (Fourth Am. Compl. ¶ 14.)  Because we find the Defendant Officers had probable cause to arrest Cui, the only remaining, legitimate allegation is that they relied on Officer Mandat's altered account of Cui's statements at the time of his arrest.  However, Plaintiffs do not allege the Defendant Officers knew of Officer Mandat's alleged alteration, nor do they assert any

facts showing the officers treated him differently than any similarly situated individuals. Plaintiffs' conclusory allegations are insufficient to support their claim that the Defendant Officers violated Cui's clearly established constitutional rights by intentionally discriminating against him on the basis of race in violation of the equal protection clause of the Fourteenth Amendment. *McCauley*, 671 F.3d at 616. Accordingly, we find the Defendant Officers are entitled to qualified immunity as to Counts IX and X of Plaintiffs' complaint, and grant their motion to dismiss those claims.

## III. Jurisdiction

Having dismissed all of Plaintiffs' federal claims, only Plaintiffs' state-law trespass (Count IV), invasion of privacy claims (Count V), negligent infliction of emotional distress (Count VI), intentional infliction of emotional distress (Count VII), and indemnification (Count VIII) claims remain. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)). That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (internal quotation marks omitted) (quoting *Khan v. State Oil. Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

The Seventh Circuit has "identified certain circumstances that may displace the presumption," the most relevant of which is that "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id.* at 480. Although this litigation has been in federal court for over two years, it is still at the pleading stages, and there has been no substantial discovery. (*See* Dkt. No. 107.) *See also*

16

*Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (stating that "judicial economy" is rarely a persuasive reason for retaining jurisdiction over state law claims when a case is dismissed on the pleadings, and there has been no discovery). While we have briefly addressed Plaintiffs' state-law trespass and invasion of privacy claims against the Kubychecks in a previous order in which we denied their motion to dismiss those claims, (Dkt. No. 55 at 13–15), our consideration of those claims has not been so substantial as to require any serious "duplication of effort" by the state court. *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001). We have not addressed Plaintiffs' intentional infliction of emotional distress, negligent infliction of emotion distress, or indemnification claims. Accordingly, we relinquish jurisdiction over Plaintiffs' supplemental state-law claims.

## CONCLUSION

For the reasons stated above, we grant Defendants' motions to dismiss Counts II, III, IX, and X. We decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, this case is remanded to the Circuit Court of Cook County for further proceedings. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: February 21, 2017
  Chicago, Illinois