UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANG CUI and RUIYING FEI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 14 C 8330 |
| ) | Hon. Marvin E. Aspen |
| ELMHURST POLICE DEPARTMENT, et al. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiffs' motion for reconsideration of our February 21, 2017 Order dismissing their federal claims and declining to exercise supplemental jurisdiction over the remaining state law claims. (Mot. (Dkt. No. 147).) Also before us is Plaintiffs' motion for leave to file a Fifth Amended Complaint. (*Id.*) For the reasons stated below, we deny Plaintiffs' motions.

**BACKGROUND**

We assume familiarity with the relevant facts as detailed in our Order granting Defendants' motions to dismiss in part and thus do not fully recount them here. *Cui v. Elmhurst Police Dep't*, No. 14 C 8330, 2017 WL 680318, at *1–2 (N.D. Ill. Feb. 21, 2017). Cui filed a pro se complaint against the City of Elmhurst Police Department, Lynn Kubycheck, and Jon Kubycheck in the Circuit Court of Cook County, Illinois on September 24, 2014. (Dkt. No. 1 ¶ 2.) On October 23, 2014, the Elmhurst Police Department removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1443. Cui filed his first amended pro se complaint on December 31, 2014. (Dkt. No. 22.) We granted the Elmhurst Police Department's motion to

dismiss all counts against it on May 5, 2015, but granted Cui leave to file an amended complaint to pursue a state-law malicious prosecution claim against the City of Elmhurst. (Dkt. No. 27.) Cui filed a second amended pro se complaint on June 12, 2015, naming the City of Elmhurst, Officer Steven Mandat, Lynn Kubycheck, and Jon Kubycheck as defendants. (Dkt. No. 31.)

On September 17, 2015, we again dismissed all counts against the City of Elmhurst, all counts against Officer Mandat except for Cui's racial discrimination claim,[1] and Cui's state-law defamation and conspiracy claims against the Kubychecks. (Dkt. No. 55.) Cui and Ruiying Fei, now represented by counsel, filed a third amended complaint on May 16, 2016, which was not served on the Defendants. (Dkt. No. 104.) On October 11, 2016, Plaintiffs filed their Fourth Amended Complaint, naming as defendants the City of Elmhurst, Officer Art Ciszewski, Commander Robert Nichols, and the Kubychecks. The Fourth Amended Complaint asserted federal claims under 42 U.S.C §§ 1983 and 1985, along with Illinois state law claims for malicious prosecution, trespass, invasion of privacy, negligent infliction of emotional distress, intentional infliction of emotional distress, and indemnification. The Elmhurst Defendants moved to dismiss all counts against them on November 8, 2016, and the Kubychecks moved to dismiss all counts against them on November 11, 2016. (Dkt. Nos. 131, 136.) On February 21, 2017, we dismissed all of Plaintiffs' federal claims and, declining to exercise supplemental jurisdiction over the remaining state law claims, remanded the case to the Circuit Court of Cook County for further proceedings. (Order (Dkt. No. 146) at 17.) Plaintiffs filed their motion to reconsider on March 21, 2017.

---

[1] The parties settled this claim, and we dismissed Mandat with prejudice on June 20, 2016. (Dkt. No. 109.)

**LEGAL STANDARD**

"A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). However, we will not consider arguments or evidence the moving party should have made or produced in the first instance. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Motions to reconsider are disfavored, as "a redo of a matter than has already received the court's attention is seldom a productive use of taxpayer resources." *Burton v. McCormick*, No. 11 C 026, 2011 WL 1792849, at *1 (N.D. Ill. May 11, 2011) (citation omitted).

Plaintiffs' motion for leave to file a Fifth Amended Complaint is governed by Rule 15, which permits a party to amend a pleading more than 21 days after service "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. (15)(a)(2). We have discretion to grant amendments "when justice so requires." *Id.* However, we also have "broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)) (internal quotation marks omitted).

**ANALYSIS**

**I.  Conspiracy to Violate Civil Rights (Count III)**

Plaintiffs first ask us to reconsider our decision dismissing their claim that Lynn Kubycheck conspired with Defendant Officers to violate Cui's constitutional rights in violation of 42 U.S.C. § 1985. (Mot. at 1.) We dismissed that claim because Plaintiffs' Fourth Amended

Complaint lacked even a conclusory allegation that there was an agreement between Lynn Kubycheck and Defendant Officers. (Order at 6.) *See Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 642 (7th Cir. 2006) (citations omitted), *overturned on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013) (listing the elements for a § 1985 claim). Plaintiffs state that such allegations "are what [they] intended to include in their Fourth Amended Complaint, were in previous versions of the complaint, but were inadvertently omitted from the Fourth Amended Complaint." (Mot. at 1.) We refuse to consider arguments or evidence Plaintiffs should have made or produced in the first instance. *See In re Prince*, 85 F.3d at 324. Further, that Plaintiffs alleged facts in an earlier complaint that might have sustained their conspiracy claim is of no consequence, because "once an amended pleading is filed, the original complaint drops out of the picture." *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017). "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (alteration in original) (citation omitted). We therefore deny Plaintiffs' motion to reconsider our dismissal of Count III of their Fourth Amended Complaint.

## II. False Arrest (Count II)

Second, Plaintiffs ask that we reconsider our decision granting Defendants' motion to dismiss their false arrest claim against the Elmhurst Defendants. (Mot. at 1–2.) We dismissed Plaintiffs' false arrest claim because we found the police officers had probable cause to arrest Cui for Attempted Deceptive Practices pursuant to 720 ILCS 5/17–1. (Order at 11–14.) *See Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016) ("To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest." (citing

4

*Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012)). Plaintiffs primarily attempt to reargue the merits of their false arrest claim by introducing new facts and arguments. (Mot. at 2–8.) We decline to reconsider our decision based on such arguments. *See Gonzalez v. Pioneer Indus. Sys., LLC*, 15 C 11583, 2017 WL 1283465, at *2 (N.D. Ill. April 6, 2017).

Plaintiffs argue, however, that we also overlooked certain "central, dispositive disputed facts" that show the police did not have probable cause to arrest Cui. Plaintiffs argue that we ignored that Officer Mandat, in his interrogatory answers, admitted "that he knew that check was part of a court settlement," which makes the officers' belief that Cui wrote the check with intent to defraud unreasonable. (Mot. at 8.) Plaintiffs further argue we overlooked their allegation that Officer Mandat altered a statement Cui gave to the police informing them that there was a settlement agreement between Cui and Lynn police, which also renders unreasonable their belief that Cui wrote the check with intent to defraud. (Mot. at 9.)

In determining whether the police officers had probable cause to arrest Cui, we explicitly considered that "Officer Mandat learned that the check was part of a settlement agreement, but was informed that Cui owed the money pursuant to the agreement because 'possession of [the home] was wrongly withheld by Hang Cui and Rulying Fei.'" (Order at 13 (quoting Dkt. No. 143–2 ¶ 9).) In any event, we did not rely on that statement to determine whether the officers reasonably believed Cui had written the check with intent to defraud. Rather, we observed that Officer Mandat received (1) a copy of the check dated June 26, 2012 that Cui issued to the Kubychecks, (2) receipts from Bank of America showing Lynn Kubycheck's repeated attempts to cash the check in July 2012, (3) notices from the bank that the check would not be honored because the account did not have sufficient funds in the account, (4) a copy of a letter Lynn sent to Cui on December 6, 2012 informing him the check had been returned and

5

demanding payment, (5) the certified letter receipt signed by Cui, and (6) notice from the bank that Lynn attempted to cash the check again after sending the certified letter to Cui. (*Id.* (citing Dkt. No. 143–2 ¶¶ 5, 9).)

The Illinois Deceptive Practices statute provides that:

> "The trier of fact may infer that the defendant knows that the check or other order will not be paid by the depository and that the defendant has acted with intent to defraud when the defendant fails to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart."

720 ILCS 5/17–1(B)(1). We therefore found the police officers, given the facts before them, could reasonably infer that Cui had written the bad check knowingly and with intent to defraud in violation of 720 ILCS 5/17–1(B). (Order at 14.) Because Plaintiffs have not shown there has been some significant change in the law, or that we misunderstood their arguments regarding probable cause, we decline to reconsider our decision.

### III. Proposed Fifth Amended Complaint

Plaintiffs also request leave to file a Fifth Amended Complaint, "allowing back in all claims dependent on a lack of arguable probable cause, . . . and [allowing] re-pleading with additional particularity" their § 1985 conspiracy claim. (Mot. at 12.) Plaintiffs' proposed amendment for "claims dependent on a lack of arguable probable cause" is based only on their motion to reconsider our decision finding the officers had probable cause to arrest Cui. (*Id.*) Because we decline to alter our decision finding the officers had probable cause, Plaintiffs' proposed amendment would be futile. *Vargas v. Racine Unified Sch. Dist.*, 272 F.3d 964, 374–75 (7th Cir. 2001). Furthermore, though Plaintiffs claim that previous versions of their complaint pleaded their § 1985 conspiracy with sufficient factual particularity that was "inadvertently omitted from the Fourth Amended Complaint," we have twice dismissed

6

Plaintiffs' § 1985 conspiracy claim for failure to state a claim. (Dkt. Nos. 27, 55.) Given the futility of Plaintiffs' proposed amendment to their "claims dependent on a lack of probable cause" and their "repeated failure to cure [the] deficiencies" in their § 1985 claim, we deny their motion for leave to file a Fifth Amended Complaint.

## CONCLUSION

For the foregoing reasons, we deny Plaintiffs' motion to reconsider and motion for leave to file a Fifth Amended Complaint. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 12, 2017
       Chicago, Illinois